KAYATTA, Circuit Judge,
concurring.
I concur in affirming the judgment of the district court dismissing the complaint, albeit for a reason the majority does not reach. No party disputes that Operations Director Christine Harrington was the person who in both form and substance decided to fire the plaintiff. Ameen does not point to any evidence suggesting that, having independently confirmed that Ameen did commit the serious misconduct with which he was charged, Harrington either herself had any improper motive, or that she knew or reasonably should have known that Pratt had an improper motive. Therefore, even if we accept that Ameen has enough evidence to support a finding that Pratt was motivated to seek his discharge for reasons other than the conduct reviewed by Harrington, there would still be no basis for holding his employer vicariously liable. Cf. Velázquez-Pérez v. Developers Diversified Realty Corp., 753 F.3d 265, 274 (1st Cir.2014) (holding that an employer can be held liable for a co-worker’s discrimination under Title VII if, among other things, the employer “knows or reasonably should know” of the discrimination) (parentheses omitted).